**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

ROBERT W. NEWSOME, etc.,

       Plaintiff,

v.                                 CASE NO.  5:04cv377-RH/WCS

UNITED STATES OF AMERICA, et al.,

       Defendants.

_____/

**ORDER FOR SUBSTITUTION OF DEFENDANT, DISMISSAL OF
COMPLAINT IN PART, AND REQUIRING PLAINTIFF TO SHOW
<u>CAUSE WHY REMAINING CLAIMS SHOULD NOT BE DISMISSED</u>**

      This wrongful death action arose from a wreck allegedly caused by

defendant George Zaniewski, an Air Force officer, while driving a vehicle owned

by defendant Trend Western Technical Corporation.  The government removed the

action to this court and now moves to substitute itself for Mr. Zaniewski on the

ground that Mr. Zaniewski was acting within the course and scope of his

government employment at the time of the wreck.  The government also now

moves to dismiss for failure to exhaust administrative remedies as required by the

Federal Tort Claims Act.

      Plaintiff apparently acknowledges that substitution is proper and that

exhaustion is required.  Plaintiff seeks, however, to abate these proceedings while he exhausts.

I grant the government's motions for substitution and to dismiss for failure to exhaust and deny plaintiff's motion to abate.  This leaves the action pending only against Trend Western.  I order plaintiff to show cause why the action should not be dismissed as against Trend Western for failure to serve process within the time limit prescribed by the Federal Rules of Civil Procedure.

# I

In support of the proposed substitution of parties, the government has filed a certification pursuant to 28 U.S.C §2679(d)(2) attesting that at the time of the wreck, Mr. Zaniewski was operating the vehicle within the scope of his government employment.  *See* Notice of Removal (document 1); Attorney General Certification (document 1, ex. B); Mot. to Substitute Def. (document 2).  I entered an order setting a deadline for plaintiff to respond to the motion for substitution and indicating that if plaintiff failed to respond, the motion would be deemed unopposed.  Plaintiff filed no response to the motion to substitute but did file a motion to abate these proceedings.  In the motion to abate, plaintiff said that he had not known that Mr. Zaniewski was a military officer.

The government's request to substitute itself for Mr. Zaniewski as a

defendant thus apparently is unopposed.  And in any event, it is clear, under these circumstances, that the government is the proper defendant, in place of Mr. Zaniewski.

## II

The only basis for recovery against the government on a claim of this type is the Federal Tort Claims Act, 28 U.S.C. §§1346(b), 2671-2680.  But, as plaintiff acknowledges in his motion to abate, a plaintiff must exhaust administrative remedies prior to seeking recovery under that Act.  *See* 28 U.S.C. §2675(a). Plaintiff asserts, however, that the action should be abated, not dismissed.

The controlling statute provides:

> An action *shall not be instituted* upon a claim against the United States for money damages for injury or loss of property or personal injury or death by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, *unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.*

28 U.S.C. §2675(a) (emphasis supplied).  The plain language of the statute thus requires dismissal, not abatement, of this action.

And the statute means what it says.  In *McNeil v. United States*, 508 U.S.

106, 113, 113 S. Ct. 1980, 1984, 124 L. Ed. 2d 21 (1993), the Supreme Court

addressed precisely this issue, resolving a circuit split and holding that dismissal is

required when an action is filed prior to exhaustion.  The Court said:

> Every premature filing of an action under the FTCA imposes some
> burden on the judicial system and on the Department of Justice which
> must assume the defense of such actions.  Although the burden may
> be slight in an individual case, the statute governs the processing of a
> vast multitude of claims.  The interest in orderly administration of this
> body of litigation is best served by adherence to the straightforward
> statutory command.

*Id.* at 112.  The Court continued:

> The FTCA bars claimants from bringing suit in federal court until they
> have exhausted their administrative remedies.  Because petitioner
> failed to heed that clear statutory command, the District Court
> properly dismissed his suit.

*Id.* at 113, 113 S. Ct. at 1984.

　　　*McNeil* essentially ratified the approach taken by the Fifth Circuit in

*Gregory v. Mitchell*, 634 F.2d 199, 203-04 (5th Cir. 1981) (holding that FTCA

requirement of exhaustion of administrative remedies is a jurisdictional

prerequisite and when exhaustion was not present, "the district court was required

to dismiss the suit against the United States").[1]  *Gregory* also explicitly

---

[1] *Gregory* was decided on January 12, 1981, and is binding on the Eleventh
Circuit.  *See Bonner v. City of Prichard*, 661 F.2d 1206, 1207-08 (11th Cir. 1981)

disapproved entry of a stay so that administrative remedies could be exhausted:

> Further, to allow the district court to stay or hold in abeyance the damage claim against the [government] until the six month period accrues would tend to increase the congestion in our already heavily burdened district courts. Instead of promoting congressional intent in enacting 28 U.S.C. s 2675 by "making it possible for the Government to expedite the fair settlement of tort claims asserted against the United States," S. Rep. No. 1327, 89th Cong., 2d Sess. 6, reprinted in (1966) U.S. Code Cong. & Admin. News, pp. 2515, 2516, appellants' theory would spur unnecessary litigation and slow down the process. The district court correctly dismissed all claims against the United States.

*Id.* at 204 (footnotes omitted).[2]

In sum, dismissal, not abatement, is proper under these circumstances.

---

(holding that decisions rendered by the Fifth Circuit through September 30, 1981, serve as Eleventh Circuit precedent).

[2] Other courts have reached the same result more recently. *See, e.g.*, *Cabaniss v. United States*, 2000 WL 369694, at *3 (E.D. La. April 10, 2000) (unpublished disposition) (examining *McNeil* and concluding, "it is clear that staying an action while complying with the administrative exhaustion requirement does not cure the jurisdictional defect"); *Downie v. City of Middleburg Hts.*, 76 F. Supp. 2d 794, 800 n.4 (N.D. Ohio 1999) (citing *McNeil* for the proposition that the district court is "without authority" to "'grant a stay of this portion of the action pending exhaustion of remedies, as opposed to dismissal'"); *see also* 28 U.S.C. §2679(d)(5) (providing test for timeliness "[w]henever an action or proceeding in which the United States is substituted as the party defendant under this subsection is dismissed for failure first to present a claim pursuant to section 2675(a) of this title" but not mentioning stay).

# III

The record shows no return of service on, or other activity relating to, defendant Trend Western.  Plaintiff thus will be given an opportunity to show cause why this action should not be dismissed as against Trend Western without prejudice for failure to serve process within the time provided by Federal Rule of Civil Procedure 4(m).

For these reasons,

IT IS ORDERED:

1.  The government's motion (document 2) to substitute the United States as a defendant in place of George Zaniewski is GRANTED.  The case style of this action is hereby amended accordingly.

2.  Plaintiff's motion to abate (document 9) is DENIED.

3.  The government's motion to dismiss (document 10) is GRANTED.  I hereby expressly determine that there is no just reason for delay and expressly direct the clerk to enter judgment stating, "Pursuant to Federal Rule of Civil Procedure 54(b), all claims against defendant United States of America are dismissed without prejudice for failure to exhaust administrative remedies and resulting lack of jurisdiction."  All claims against defendant Trend Western Technical Corporation remain pending.

4.  Plaintiff shall show cause by May 18, 2005, why this action should not be dismissed against defendant Trend Western Technical Corporation for failure to serve process within the time provided by Federal Rule of Civil Procedure 4(m).

SO ORDERED this 5th day of May, 2005.

s/Robert L. Hinkle
Chief United States District Judge